UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK WHITE and NELDA WHITE, | No. 2:15-CV-01775-MCE-AC |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| J.P. MORGAN CHASE, INC., et al., | |
| Defendants. | |

Through this action, Plaintiffs Patrick White and Nelda White ("Plaintiffs") allege causes of action for promissory estoppel, intentional misrepresentation, and negligent misrepresentation against Defendants J.P. Morgan Chase, Inc. ("Chase") and Select Portfolio Servicing, Inc. ("SPS") arising from Defendants' alleged promises for a loan modification. Pending before the Court are Defendants' Motions to Dismiss the operative First Amended Complaint ("FAC"). ECF Nos. 13, 18. For the reasons that follow, Defendants' Motions to Dismiss are GRANTED.[1]

///
///
///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

1

# BACKGROUND[2]

On April 17, 2006, Plaintiffs secured a $1,350,000.00 loan to purchase the property located at 8915 Los Posas Court, Granite Bay, CA 95746 (the "Property"). This loan was secured by a deed of trust recorded against the Property with RMR Financial, DBA Princeton Capital.

### A. The First Loan Modification

In late September 2012, a Chase representative called Mr. White to ask if Plaintiffs would be interested in a loan modification instead of foreclosure. Based on the oral information provided by Mr. White, the Chase representative allegedly indicated that while Plaintiffs appeared to qualify for a loan modification, Plaintiffs' oral information would have to be verified. The Chase representative sent a Loan Modification package, and Plaintiffs returned the completed package to Chase.

During October, November and December 2012, the Chase representative demanded that Plaintiffs take certain actions as conditions of the loan modification. The conditions of the loan modifications included: (1) taking the Property off the market for sale in November 2012; (2) not renting the house in whole or in part; (3) maintaining the Property and fire insurance; (4) paying the monthly Home Owners Association assessments; (5) paying the gardener; (6) paying the pool service; (7) maintaining the Home Owner's Insurance Warranty to cover any necessary home repairs; and (8) replacing the pool motor. In March 2013, the Chase representative requested additional documentation, and Plaintiffs provided it. Plaintiffs allege that Chase mishandled the documents and denied the loan modification later that month.

### B. The Second Loan Modification

Shortly after Chase's initial denial described above, a Chase representative again called Mr. White regarding Plaintiffs' interest in a potential loan modification. Plaintiffs again completed a Loan Modification package. On July 11, 2013, Chase denied the

---

[2] This statement of facts is entirely based on the allegations in Plaintiffs' FAC (ECF No. 10).

loan modification in writing because the unpaid principal balance exceeded the maximum amount eligible for a loan modification, and because Plaintiffs' income was insufficient.

**C. The Third Loan Modification**

In July 2013, Plaintiffs received a written notice from Chase that Chase sold the servicing of their loan effective as of August 1, 2013 to SPS.  On August 29, 2013, an SPS representative called regarding Plaintiffs' interest in a loan modification.  The representative informed that based on oral information provided by Plaintiffs, they appeared to qualify for a loan modification.  Plaintiffs were allegedly told that, contingent upon verification of that oral information, they would in fact receive a loan modification. SPS sent a Loan Modification Package shortly thereafter.  Relying on what they believed was a forthcoming  loan modification, Plaintiffs performed the following actions: (1) maintained the property and fire insurance; (2) paid the monthly Home Owners Association assessments; (3) paid the gardener; (4) paid the pool service; (5) maintained the Home Owner's Insurance Warranty; (5) repaired the freezer and dishwasher; and (6) bought a new washing machine.  Upon verification, however, SPS denied Plaintiffs a loan modification. Plaintiffs have exhausted the appeals process with respect to that decision.

**STANDARD**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)[3], all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party.  <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the

---

[3] All further references to "Rule" or "Rules" shall be to the Federal Rules of Civil Procedure unless otherwise indicated.

defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice

to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

Defendants Chase and SPS advance several arguments in the pending Motion. This Order addresses only those that the Court finds dispositive.[4]

### A. Plaintiffs' First and Fourth Causes of Action for Promissory Estoppel

#### 1. Plaintiffs' First Cause of Action against Chase

Plaintiffs' First Cause of Action for promissory estoppel is based on Chase's alleged promises regarding the First and Second Loan Modification.  Plaintiffs allege that they relied on Chase's alleged promises for a loan modification to their detriment. Chase seeks dismissal of the claim on the ground that Plaintiffs have failed to allege a promise.  The Court agrees with Chase.

To properly allege a cause of action for promissory estoppel, a plaintiff must adequately plead: (1) a clear and unambiguous promise; (2) reliance by the party to

---

[4] Defendants' Requests for Judicial Notice (ECF Nos. 14, 19) are unopposed and are therefore GRANTED.

1  whom the promise is made; (3) reasonable and foreseeable reliance; and (4) injury as a
2  result of that reliance.  See US Ecology, Inc. v. State, 129 Cal. App. 4th 887, 901 (4th
3  Dist. 2005); Solomon v. Aurora Loan Serv. LLC, No. CIV. 2:12-209 WBS KJN, 2012 WL
4  2577559 (E.D. Cal. July 3, 2012).

5        Here, despite Plaintiffs' allegations that Chase made promises for a loan
6  modification, Chase did not make any "clear and unambiguous" promises to Plaintiffs.
7  First, Chase informed Plaintiffs that Plaintiffs had to take additional steps "to verify the
8  oral statements" to qualify for a loan modification.  ECF No. 10 at 3, 5.  Such conditional
9  "promises" were neither clear nor unambiguous in their terms.  In fact, such conditional
10 promises immediately placed Plaintiffs on notice that finalization of the loan modification
11 would undoubtedly require further approval.  Laks v, Coast Fed. Sav. & Loan Assn's,
12 60 Cal. App. 3d 885, 891 (1976) (broker's letter that contains a conditional commitment
13 "immediately places the offeree on notice that finalization of the terms will undoubtedly
14 require further negotiations").

15       Second, Chase's alleged promises were fatally uncertain because they contained
16 no essential terms.  The Complaint does not allege that Chase provided any essential
17 terms such as payment schedules for each loan, identification of the security,
18 prepayment conditions, terms for interest calculations, loan disbursement procedures,
19 and rights and remedies of the parties in case of default.  See id. at 890 ("the fact that so
20 many important terms are absent further emphasizes the conditional nature of the
21 letter").  Plaintiffs' failure to allege such essential terms further indicates that the parties
22 were still in the negotiation stage, and preliminary discussion and negotiations cannot
23 establish a cause of action for promissory estoppel.  Garcia v. World Sav., FSB, 183 Cal.
24 App. 4th 1031, 1044 (2010).

25       Furthermore, the FAC lacks allegations sufficient to establish the third element of
26 promissory estoppel.  Although Plaintiffs have provided ample factual allegations to
27 assert their reliance on the promise, they have failed to allege that their reliance was
28 reasonable and foreseeable.  See US Ecology, Inc., 129 Cal. App. 4th at 901.  Indeed,

1 because Chase's promise was conditional, Plaintiffs could not have reasonably relied
2 upon it. See Laks, 60 Cal. App. 3d at 893 (before relying on the promise, the plaintiffs
3 "should have resolved the ambiguities and obtained a finalized agreement").
4     Accordingly, Plaintiffs have failed to allege an actionable promissory estoppel
5 cause of action against Chase.

### 2. Plaintiffs' Fourth Cause of Action against SPS and Chase[5]

7     Plaintiffs' Fourth Cause of Action for promissory estoppel is based on the alleged
8 promise by SPS in the Third Loan Modification. Plaintiffs allege that SPS promised
9 Plaintiffs a loan modification and that they relied on this promise to their detriment. ECF
10 No. 10 at 10. SPS seeks dismissal of the claim on the ground that Plaintiffs have failed
11 to allege a promise. The Court agrees with SPS.
12     Similar to the analysis above, a SPS representative informed Plaintiffs that they
13 would receive a loan modification if the oral information could be verified. Also, SPS
14 allegedly "imposed an additional requirement on the Loan Modification" by requiring an
15 appraiser to enter Plaintiffs' home to make an appraisal. ECF No. 10 at 7. These
16 additional requirements and conditions to qualify for the loan modification at SPS further
17 indicate that the promise was conditional. As with Chase's conditional promises, the
18 conditional promise by SPS was unclear and ambiguous. Thus, Plaintiffs' reliance on
19 such promises cannot be deemed reasonable or foreseeable. See Laks, 60 Cal. App.
20 3d at 893 (Plaintiffs "should have resolved the ambiguities and obtained a finalized
21 agreement and not relied on" the unambiguous offer).
22     Given the conditional nature of the alleged promises in connection with Plaintiff's
23 Loan Modification applications, it would be futile for Plaintiffs to amend their claims for
24 promissory estoppel. Accordingly, Plaintiffs' First and Fourth Causes of Action are
25 DISMISSED without leave to amend.
26 ///

---

27     [5] Plaintiffs state that their action for promissory estoppel against SPS and Chase is a Third Cause of Action, but it should be Fourth Cause of Action. ECF No. 10 at 10. This Order reflects the corrected
28 information.

### B. Plaintiffs' Second and Fifth Causes of Action for Intentional Misrepresentation

Plaintiffs allege that Defendants knew or should have known that Plaintiffs were not eligible for a loan modification from the beginning but misrepresented their eligibility "with the intention to induce [Plaintiffs] to rely upon them and act accordingly." ECF No. 10 at 9.  Defendants move to dismiss Plaintiffs' Second and Fifth Causes of Action on the basis that Plaintiffs have failed to adequately plead intentional misrepresentation. The Court again agrees with Defendants.

A cause of action for fraud based on a false promise must allege: (1) a material misrepresentation, (2) knowledge of falsity, (3) intent to defraud or induce reliance, (4) justifiable reliance, and (5) resulting damage.  See First Advantage Background Serv. Corp. v. Private Eyes, Inc., 569 F. Supp. 2d 929, 939 (N.D. Cal. Mar. 5, 2008); see Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996).  Promissory fraud is a subspecies of fraud and deceit, and where a promise is made without the intention to perform, there is an implied misrepresentation of fact that may be actionable fraud.  Lazar, 12 Cal.4th at 638.

Plaintiffs' fraud-based claims are subject to review under Rule 9(b)'s heightened pleading standard.  See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); Kearns v. Ford Motor Co., 567 F.3d 1120, 1124-25 (9th Cir. 2009).  Plaintiffs must articulate the "who, what, when, where, and how" of the fraud alleged.  Kearns, 567 F.3d at 1126.

Additionally, "for corporate defendants, Plaintiffs must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Flowers v. Well Fargo Bank, N.A., No. C 11-1315 PJH, 2011 WL 2748650, at *6 (N.D. Cal. July 13, 2011).  Given this heightened standard of review, Plaintiffs' causes of action for intentional misrepresentation fail.

///

### 1. Plaintiffs' Second Cause of Action against Chase

Plaintiffs' Second Cause of Action for intentional misrepresentation is based on the alleged representations by Chase regarding the First and Second Loan Modifications that Plaintiffs were preliminarily qualified for a loan modification based on the oral information provided. Plaintiffs allege that Chase representatives misrepresented their qualification for a loan modification "with the intention to induce the Whites to rely upon them and act accordingly." ECF No. 10 at 9.

Here, the FAC's vague allegations do not provide sufficient notice to Chase because Plaintiffs have failed to allege the names of the purported Chase employees or their authority to speak. Celebrity Chefs Tour, LLC v. Macy's, Inc., 16 F. Supp. 3d 1123, 1134 (S.D. Cal. April 25, 2014) ("merely attributing misrepresentation to a corporate entity is inadequate; a specific person must be named, or at least identified").

Moreover, the FAC is devoid of any facts demonstrating that Chase ever represented to Plaintiffs that they would receive a loan modification. In fact, Chase repeatedly told Plaintiffs that the oral information would have to be verified to approve a loan modification. The fact that Chase sent a Loan Modification package to Plaintiffs for verification process further supports that no affirmative representation for a loan modification was made during a telephonic conversation. See Tomek v. Apple, Inc., No. 2:11-cv-02700-MCE-DAD, 2013 WL 394723 at *4 (E.D. Cal. Jan. 30, 2013). Accordingly, Plaintiffs have failed to identify any representation by Chase that Plaintiffs would receive a loan modification.

Moreover, Plaintiffs have failed to allege Chase's knowledge and intent to defraud. No factual allegations in the Complaint show that the Chase representative knew the representation was false at the time it was made. See First Advantage Background Serv. Corp., 569 F. Supp. 2d at 939. Further, the Complaint does not allege that Defendants did not intend on performing the promises even if the oral information were to be verified. See Tomek v. Apple, Inc., No. 2:11-cv-02700-MCE-DAD, 2013 WL 394723 at *4 (E.D. Cal. Jan. 30, 2013). Finally, Plaintiffs have failed to allege that their

reliance was justified because the conditional promise was not sufficient to justify reliance.  See Id.  Consequently, Plaintiffs have failed to state a claim for intentional misrepresentation against Chase.

### 2. Plaintiffs' Fifth Cause of Action against SPS and Chase

Plaintiffs' Fifth Cause of Action for intentional misrepresentation against SPS and Chase is based on the alleged representations regarding the Third Loan Modification. Plaintiffs identify three misrepresentations.  First, Plaintiffs allege that on August 29, 2013, at 12:36 P.M., an SPS representative, possibly named Colleen, called Mr. White and stated that "the Whites were eligible for a Loan Modification program and the Whites, based upon the oral information supplied by Mr. White, qualified for a Loan Modification."  ECF No. 10 at 6.  The SPS representative further stated that "the only step was to verify the oral statements of Mr. White."  Id.  However, "[D]efendants now claim that the Whites were never eligible or qualified for any Loan Modification."  Id. at 7.

Plaintiffs have failed to identify an affirmative representation by SPS that Plaintiffs would receive a loan modification.  SPS expressly disclosed to Plaintiffs that the oral information must be verified and the Loan Modification package must be completed. Further, no factual allegations in the FAC  suggest that SPS knew Plaintiffs were not eligible for a loan modification when SPS initially contacted Mr. White on August 29. Additionally, Plaintiffs cannot rely on a conditional promise.  See Tomek, 2013 WL 394723 at *4 ("generalized, vague, and unspecified assertions constitute 'mere puffery' upon which a reasonable consumer could not rely").  Accordingly, Plaintiffs cannot state a cause of action for intentional misrepresentation based on any oral representations regarding loan modification when those representations were expressly made subject to further verification.

The second alleged misrepresentation is SPS's statement during the telephonic conversation on August 29, 2013.  Plaintiffs allege that  "SPS specifically informed the Whites that SPS had the authority to determine eligibility and qualification for a Loan Modification and to issue the Whites a Loan Modification."  Plaintiffs allege that "this

representation was untrue." Id. at 6. The third alleged misrepresentation is SPS's representation that appraisal of the property was necessary for a loan modification but Plaintiffs allege that the appraisal was not a condition for any loan modification. Id. at 7. With respect to both alleged misrepresentations, Plaintiffs have failed to allege the specific person who made the misrepresentation to Plaintiffs. See Flowers, 2011 WL 2728650, at *6. Moreover, the allegations found in the Complaint failed to allege Defendants' knowledge of falsity, intent to defraud, and Plaintiffs' reliance and damages stemming from such misrepresentations. See First Advantage Background Serv. Corp., 569 F. Supp. 2d at 939.

Accordingly, Defendants' Motions to Dismiss for intentional misrepresentation are GRANTED. Because the conditional nature of Defendants' representations regarding Plaintiffs' qualifications for a loan modification would make amendment futile, Plaintiffs' Second and Fifth Causes of Action are DISMISSED without leave to amend.

### C. Plaintiffs' Third and Sixth Cause of Action for Negligent Misrepresentation

Defendants Chase and SPS move to dismiss Plaintiffs' Third and Sixth Causes of Action on the basis that Plaintiffs have failed to adequately plead actionable negligent misrepresentation. To state a cause of action for negligent misrepresentation, Plaintiffs must allege: (1) a misrepresentation of a past or existing material fact, (2) made without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) in the face of ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) resulting damage. Fox v. Pollack, 181 Cal. App. 3d 954, 962 (1986).

Plaintiffs' Third Cause of Action for negligent misrepresentation is based on Chase's alleged representation that Plaintiffs qualified for a loan modification based on the oral information they provided regarding the First and Second Loan Modifications. Plaintiffs' Sixth Cause of Action is based on the same alleged representation made by SPS regarding the Third Loan Modification. Plaintiffs allege that Chase and SPS made

11

1  representations "negligently, without a reasonable basis for believing that the
2  representations were true and with intention to induce the Whites to rely upon them and
3  act accordingly." ECF No. 10 at 9, 11.

4  Here, Plaintiffs again fail to allege which specific individuals made representations
5  regarding their loan modification or that the individuals knew the representation was
6  untrue. See Fox, 181 Cal. at 962. Furthermore, the representations allegedly made by
7  Chase and SPS involved future events related to the loan modifications. Indeed,
8  Defendants' representations that Plaintiffs would receive a loan modification once the
9  oral information was approved were promises as to future action. See Garcia, 2010 WL
10 1881098 at *2 ("Because Plaintiff has not alleged any misrepresentation of a past or
11 existing material fact, dismissal of his cause of action for negligent misrepresentation is
12 warranted"); Helo v. Bank of America Servicing Co., No. 1:14-cv-01522-LJO-JLT, 2015
13 WL 4673890, at *4 (E.D. Cal. Aug. 6, 2015) ("Predictions as to future events, or
14 statements as to future action by some third party, are deemed opinions, and not
15 actionable fraud"). Accordingly, because Plaintiffs' negligent misrepresentation causes
16 of action do not involve the misrepresentation of a past or existing material fact, Plaintiffs
17 have failed to establish the first requisite for negligent misrepresentation.

18 Accordingly, the Court GRANTS Defendants' Motions with respect to Plaintiffs'
19 Third and Sixth Causes of Action. Because the alleged misrepresentations were
20 predictions about future events contingent on the verification of Plaintiffs' financial status,
21 granting leave to amend would be futile. Plaintiffs' Third and Sixth Causes of Action are
22 therefore DISMISSED without leave to amend.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

Defendants' Motions to Dismiss (ECF Nos. 13, 18) are GRANTED. Plaintiffs' First Amended Complaint (ECF No. 10) is DISMISSED in its entirety without leave to amend. The Clerk of Court is hereby directed to close the case.

IT IS SO ORDERED.

**Dated: March 3, 2016**

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT